**Robert KURSAR, Appellant**

v.

**TRANSPORTATION SECURITY ADMINISTRATION, et al., Appellees.**

**No. 11–5016.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 6, 2011.

Bradley Prescott Moss, Mark Steven Zaid, Mark S. Zaid, PC, Washington, DC, for Appellant.

Claire M. Whitaker, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: ROGERS, Circuit Judge, and WILLIAMS and RANDOLPH, Senior Circuit Judges.

## *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed for the reasons set forth in the attached memorandum.

Pursuant to Rule 36 of this Court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C. CIR. R. 41.

## MEMORANDUM

In April 2002 appellant Robert Kursar was selected for a federal air marshal position with the Transportation Security Administration, subject to a one-year probationary period. *Kursar v. TSA,* 751 F.Supp.2d 154, 159 (D.D.C.2010). Shortly thereafter, Kursar's supervisor, former Special Agent in Charge William Blake, Jr., provided Kursar with notice of intent to terminate his employment "for submitting false or incorrect information on his employment application and Standard Form 86 ('SF[-]86')." *Id.* (quoting Am. Compl. ¶ 10). The notice emphasized as false and/or incorrect Kursar's responses to questions 22 and 26 of the SF–86, regarding his prior employment and security clearance histories, respectively. See *id.* Kursar submitted a written response to Blake's notice and requested further opportunity to appeal the decision, but the TSA denied the request and fired Kursar on May 3, 2002. See *id.*

Kursar challenged his discharge with the Merit Systems Protection Board under the Uniformed Services Employment and Reemployment Rights Act of 1994. An administrative law judge denied his claim, and the MSPB and Federal Circuit affirmed the decision. See *id.*; *Kursar v. Dep't of Homeland Security,* 301 Fed. Appx. 992, 992 (Fed.Cir.2008). Kursar also filed a complaint against the TSA, Blake, and unnamed TSA officials in federal district court alleging violations of the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, and the Privacy Act. The district court dismissed most of the claims without prejudice. *Kursar v. TSA,* 581 F.Supp.2d 7, 21 (D.D.C.2008); see also *Kursar,* 751 F.Supp.2d at 159–62 & n. 5. Kursar filed an amended complaint again alleging Privacy Act and due process (but not APA) violations, see *Kursar,* 751 F.Supp.2d at 162.[1]

The district court dismissed all Privacy Act claims against Blake and other individual TSA officials as improper parties. *Id.* at 164–65. The court then rejected all of Kursar's remaining claims. It dismissed Kursar's Count II Privacy Act claim for damages for failure to state a claim, specifically for non-compliance with the statute of limitations. See *id.* at 167–69. It

---

1. Kursar also filed a separate action under the name "Alexander Kursar," alleging various Privacy Act violations against the Army, for which he ultimately received a $90,000 settlement. See *Kursar,* 751 F.Supp.2d at 160–61. The district court determined it did not need to reach the TSA's arguments that Kursar's Privacy Act and constitutional claims in this action were barred by res judicata, see *id.* at 165 & n. 9, and we similarly need not reach this issue as to any claims on appeal.

granted summary judgment for the TSA on his Privacy Act claims for injunctive relief (Counts I, III, and IV), see *id.* at 169–71, and for the TSA and TSA officials on his due process claim (Count V), see *id.* at 171–73. Kursar filed a timely notice of appeal and now argues that the district court's rulings on the five counts were erroneous.

*Count II: Privacy Act (Money Damages)*

In Count II of the amended complaint, Kursar alleges that the TSA violated the Privacy Act, 5 U.S.C. § 552a(e)(2), by failing to collect information directly from him, which resulted in adverse determinations concerning his rights, benefits, privileges or opportunities. He requests monetary relief under § 552a(g)(1)(C) and (g)(4)(A). Kursar does not dispute that the two-year statute of limitations in § 552a(g)(5) applies to this claim or that in the absence of some sort of tolling he filed his claim too late. He argues that the equitable tolling doctrine should apply because a favorable determination in his MSPB proceeding would have precluded relief in district court and that tolling should therefore be applied to prevent a plaintiff in Kursar's position from having to pursue two actions in different forums simultaneously. We conclude, for the reasons articulated by the district court, that Kursar has failed to demonstrate that his Count II claim should be equitably tolled. See *Kursar,* 751 F.Supp.2d at 168–69. On appeal, Kursar appears to contend that whenever the substantive criteria and remedies for two claims overlap at all, and different forums are provided, tolling should be permissible. We can find no support for such a doctrine. Therefore, as to this count, "the complaint on its face is conclusively time-barred," *id.* at 166 (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C.Cir.1996)), and the district court

correctly dismissed it pursuant to Rule 12(b)(6).

*Counts I, III, and IV: Privacy Act (Injunctive Relief)*

Counts I, III, and IV of the amended complaint assert additional violations of the Privacy Act, 5 U.S.C. §§ 552a(g)(1)(A), 552a(e)(5) & 552a(e)(6), alleging that the TSA failed to make reasonable efforts to ensure the accuracy and completeness of the records before disseminating them to other parties, failed to maintain his records accurately, and denied Kursar's request to amend his records. The district court treated these claims as requests for injunctive relief due to their reliance on § 552a(g)(1)(A). See *Kursar,* 751 F.Supp.2d at 166–67 & n. 10, 169.

The district court granted summary judgment for the TSA on these counts, and Kursar argues here that the determinations of whether he answered SF–86 questions 22 and 26 incorrectly or falsely—as opposed to the TSA's ultimate assessment of the accuracy or completeness of his responses as a whole, which he does not seek to amend—are inaccurate "facts" in his record that are being improperly maintained and disseminated by the TSA, and that he is therefore entitled under the Privacy Act to have those determinations amended. The TSA correctly responds that its evaluations of the SF–86 questions were "judgments" rather than "facts," and as such are not subject to correction under the Privacy Act so long as they were not " 'based on a demonstrably false' factual premise." See *Mueller v. Winter,* 485 F.3d 1191, 1197 (D.C.Cir.2007) (quoting *White v. Office of Pers. Mgmt.,* 787 F.2d 660, 662 (D.C.Cir.1986)).

As the district court concluded, the TSA's determination that Kursar's position in the Washington National Guard was a "job" that should have been listed under question 22 "was a 'judgment[ ] of [a] fed-

eral official[ ]' that is not entitled to amendment under the Privacy Act." *Kursar*, 751 F.Supp.2d at 171 (alterations in original) (quoting *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337–38 (D.C.Cir.1992)). Further, the TSA's judgment regarding question 22 also was not " 'based on a demonstrably false' factual premise," and therefore was not subject to amendment on that basis. See *id.* (Kursar appears to disclaim this argument on appeal in any event, see Appellant's Reply Br. 25.)

Regarding question 26 the TSA's evaluation of whether Kursar should have listed the temporary suspension of his security clearance similarly was a "judgment," rather than a "fact." This judgment also was not based on any demonstrably false facts. Kursar does not dispute that the suspension occurred, only that the suspension was one that should have been listed. Kursar also seems to *imply* for the first time on appeal that he did not know about the suspension. He contends that there is "no evidence in the record" demonstrating that he was notified of it, Appellant's Br. 39, but that claim is directly contradicted by an entry in his case file, see Joint Appendix 153, 155. He also says that he could not find an official record of the suspension through his own searches of the Army's index, but stops short of arguing that he actually had no knowledge of the suspension. Therefore, we need not consider whether, or how, a lack of such knowledge would affect our analysis.

*Count V: Due Process*

Finally, Kursar argues that the TSA and TSA officials violated his liberty interest under the Due Process Clause of the Fifth Amendment. We conclude that Kursar has failed to demonstrate that the process provided under the Privacy Act did not meet the Constitution's requirements under the circumstances, or that an oral hearing was required. See *Kursar*, 751 F.Supp.2d at 171–73 & n. 12; *Dickson v. Office of Pers. Mgmt.*, 828 F.2d 32, 41–42 (D.C.Cir.1987).[2]

---

**2.** On the TSA's motion to dismiss Kursar's first complaint, the district court dismissed with prejudice Kursar's due process property-interest claim as barred by res judicata following the Federal Circuit's affirmance of his MSPB challenge. See *Kursar*, 581 F.Supp.2d at 20–21. In considering the amended complaint, the district court assumed, without deciding, that Kursar was deprived of a protected liberty interest. *Kursar*, 751 F.Supp.2d at 172. We likewise need not decide whether Kursar was deprived of such an interest, or whether his renewed due process claim is also barred by res judicata.